UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSEPH WILBER,

    Plaintiff,

vs.                                                                       CASE NO.: 3:16-cv-604-J-34JBT

MID AMERICA BANKING CORPORATION,

    Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* and ("FCCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like MID AMERICA BANKING CORPORATION from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone

1

subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

7. The alleged violations described in the Complaint occurred in Duval County, Florida.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Florida, residing in Duval County, Florida

9. Plaintiff is a "consumer" as defined in Florida Statute 559.55(8) and 15 U.S.C. § 1692(a)(3).

10. Plaintiff is an "alleged debtor."

11. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

12. Defendant, is a corporation which was formed in Missouri with its principal place of business at 960 Bishop Avenue, PO Box 68, Rolla Missouri, and conducting business in the state of Florida.

13.    Defendant is a "creditor" as defined by Florida Statute § 559.55(5).

14.    The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

15.    Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such a frequency as can be reasonably expected to harass.

16.    Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

17.    Upon information and belief, each call made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

18.    Furthermore, upon information and belief, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227 (b)(1)(A).

19.    None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

20.    Plaintiff is the regular user and carrier of the cellular telephone number at issue, (904) 568-5922, and was the called party and recipient of Defendant's above described calls.

21.    In or about August of 2015, Plaintiff received a telephone call to his aforementioned cellular telephone number from Defendant seeking to recover a debt. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (904) 423-8956, (904) 423-8954, (904) 423-8904.

22. Immediately upon receipt of the calls, in or about August of 2015, Plaintiff answered a call from the Defendant, received the Defendant's automated message stating "Please hold while you call is connected to the next available representative." The Plaintiff held on the line, told the Defendant they were not allowed to call him using a "autodialer" and demanded that Defendant stop calling his aforementioned cellular telephone number, to which the agent/representative of Defendant stated that is was completely legal for them to place calls using an autodialer and instructed that the calls would continue.

23. In or about August of 2015, during the aforementioned phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any express consent Defendant may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

24. Each subsequent call Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

25. Each of Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

26. Again, on or about September 9, 2015, the Plaintiff answered another call from Defendant and spoke to a representative who identified herself as "Kim." The Plaintiff demanded that the Defendant "stop calling [him]".

27. Despite actual knowledge of their wrongdoing, and that they did not have Plaintiff's consent, the Defendant continued its barrage of phone calls to Plaintiff's aforementioned cellular telephone number in an attempt to collect a debt.

28. From about August of 2015 through the filing of this Complaint, Defendant placed approximately one hundred (100) automated calls to Plaintiff's aforementioned cellular telephone (or as will be established after a thorough review of Defendant's records), despite the Plaintiff revoking any consent Defendant may have mistakenly believed they had to place calls to his aforementioned cellular telephone number (Please see attached **Exhibit "A"** representing a non-exclusive call log of calls received in from August through September 2015).

29. By continuing to call the Plaintiff despite being informed the Plaintiff did not wish to received auto-dialed calls, Plaintiff was led to believe that the only way to stop the harassing calls was to pay the alleged debt.

30. Defendant's corporate policy and procedures is structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have mistakenly believed it had.

31. Defendant's, corporate policy and procedures provided no means for the Plaintiff to have his aforementioned cellular number removed from the call list.

32. Defendant has a corporate policy of using an automatic telephone dialing system or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

33. Defendant violated the TCPA with respect to the Plaintiff.

34. Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I

### (Violation of the TCPA)

35. Plaintiff incorporates Paragraphs one (1) through thirty-four (34).

5

36. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

37. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT II

### (Violation of the FCCPA)

44. Plaintiff incorporates Paragraphs one (1) through thirty-four (34).

45. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

46. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

47. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

48. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

Respectfully submitted,

*s/Amanda J. Allen*

**Amanda J. Allen, Esquire**
THE CONSUMER PROTECTION FIRM, PLLC
210-A South MacDill Avenue
Tampa, FL 33609
Tele: (813) 500-1500
Fax: (813) 435-2369
Amanda@TheConsumerProtectionFirm.com
Nancy@TheConsumerProtectionFirm.com
Florida Bar #: 0098228
*Attorney for Plaintiff*